UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FORSYTHE,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. ED CV 10-403-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff had the residual functional capacity to perform certain jobs. For the reasons explained below, the Court concludes that the ALJ did not err and affirms the Agency's decision.

## II. SUMMARY OF PROCEEDINGS

On February 1, 2000, Plaintiff applied for benefits, alleging an onset date of November 1, 1997. (Administrative Record ("AR") 61-63.)

The Agency denied the application three times. Each time, Plaintiff appealed to the Appeals Council and/or this Court and each time the case was sent back to the ALJ for further consideration. Most recently, on September 10, 2008, the Court sent the case back to the Agency for further proceedings. (AR 1287-94.) On September 15, 2009, the ALJ held a new hearing, after which he again denied Plaintiff's claim for benefits. (AR 1618-47, 1222-44.) Plaintiff then filed this action.

## III. DISCUSSION

The ALJ found that Plaintiff could perform the jobs of hospital cleaner, day worker, and hand packager. Plaintiff argues that this finding was inconsistent with the ALJ's residual functional capacity finding. (Joint Stip. at 4-8.) For the following reasons, the Court finds that remand is not warranted on this issue.

The ALJ found that Plaintiff had the residual functional capacity to perform medium work with the following limitations:

> [O]ccasional power gripping and torquing, no significant overhead reaching, no significant exposure to hazards such as unprotected heights or dangerous machinery, no significant exposure to pulmonary irritants such as dust, smoke, and fumes, little more than non-public simple repetitive tasks.

(AR 1234.)

Based on this residual functional capacity and relying on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform the jobs of hospital cleaner, day worker, and hand packager. (AR 1243-44.) Plaintiff contends that all three jobs are precluded by various limitations found by the ALJ. For instance, as

2

to the job of hospital cleaner, Plaintiff speculates that he would "likely have contact with patients" when he went into their rooms to clean them, which would be inconsistent with the ALJ's finding that Plaintiff was capable of "little more than non-public . . . tasks." (Joint Stip. at 4.)  However, the Dictionary of Occupational Titles ("DOT")--which is what the ALJ and the vocational expert relied on in concluding that Plaintiff could perform this work--provides that the cleaning performed by a hospital cleaner occurs "after dismissal of patients," i.e., after they have vacated their rooms.  *See* DOT No. 323.687-010.  Further, the DOT lists the job as "People:8-Taking Instructions-Helping N-Not Significant," meaning people skills are not a significant part of the job.  *Id.*  Thus, it appears clear that Plaintiff's limitations regarding working with people in public would not preclude him from performing the job of hospital cleaner.

Plaintiff points out that the ALJ also limited his exposure to pulmonary irritants, which would likely be present in the cleaning agents Plaintiff would be using in this job.  (Joint Stip. at 5.)  But, again, this claim is contradicted by the DOT.  According to the DOT, there are no toxic or caustic chemicals involved.  *See* DOT No. 323.687-010.  Nor are other environmental conditions present.  *Id.* Further, the vocational expert testified that Plaintiff could perform this job--knowing that Plaintiff was restricted to an environment without pulmonary irritants (AR 1645-46)--and the ALJ was entitled to rely on that testimony.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff argues that the vocational expert's testimony deviated from the DOT and contends that the ALJ and the vocational expert acknowledged as much in the record.  (Joint Stip. at 7.)  Plaintiff is

half right.  Though both acknowledged a deviation, the deviation they were referring to was the difference between Plaintiff's prior position as a warehouse bailer, which Plaintiff performed as light to medium work, and the DOT description of the job as heavy work.  (AR 1395-96.)  This deviation had nothing to do with whether Plaintiff could perform the job of hospital cleaner despite his limitations.

For these reasons, Plaintiff's claim that the ALJ erred when he concluded that Plaintiff could perform the job of hospital cleaner is rejected.  Further, the Court concludes that the resolution of this issue is also dispositive of Plaintiff's appeal.  According to the vocational expert, there were 4,500 hospital cleaner jobs locally and 110,000 nationally.  (AR 1646.)  Clearly, these numbers are sufficient to support the ALJ's decision that there were a significant number of jobs Plaintiff could perform in the economy.  *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (holding 2,300 jobs in San Diego county were a significant number); *Barker v. Sec'y of HHS*, 882 F.2d 1474, 1478-80 (9th Cir. 1989) (holding 1,266 jobs in local area were a significant number); *Martinez v. Heckler*, 807 F.2d 771, 774-75 (9th Cir. 1986) (holding 3,750 to 4,250 jobs in metropolitan area were a significant number).  Thus, even assuming that the ALJ erred as to the other two jobs, reversal would not be warranted.  *See Gray v. Comm'r*, 365 Fed. Appx. 60, 63 (9th Cir. 2010) (affirming ALJ's finding that Plaintiff could find work because, "[e]ven assuming arguendo that two of the three jobs named by the [vocational expert] . . . were inconsistent with [the plaintiff's residual functional capacity]," the third job was not and that was enough to support the ALJ's conclusion).  The Court will, however, address Plaintiff's remaining claims.

Plaintiff argues that the ALJ erred in concluding that he was capable of performing the job of "day worker" because, according to the DOT, day workers "may" be required to watch kids "to keep them out of mischief." (Joint Stip. at 5; *see* DOT No. 301.687-014.) In Plaintiff's view, this job was precluded by the ALJ's finding that Plaintiff could perform "'little more than non-public'" work (Joint Stip. at 5), whatever that means. Plaintiff's argument here is persuasive. Any job requiring Plaintiff to watch children as part of it would seem to be precluded by the limitation on public contact. Presumably then, the vocational expert should have reduced the number of day worker jobs to eliminate the ones that require watching children. Assuming this to be the case and assuming further that the vocational expert failed to do so in rendering his opinion, however, any error was harmless because, excluding all day worker jobs from the analysis, there were enough hospital worker jobs to support the ALJ's finding that Plaintiff could find work. *See Gray*, 365 Fed. Appx. at 63.

This same analysis and this same result applies to Plaintiff's complaints about the ALJ's finding that Plaintiff could perform the job of hand packager. Plaintiff argues that the fact that he is limited to only occasional power gripping and torquing rules out this job, which, according to the DOT, requires exerting 20 to 50 pounds of force occasionally and 10 to 25 pounds frequently. (Joint Stip. at 5; *see* DOT No. 920.587-018.) Plaintiff also notes that he is precluded from working with "dangerous machinery" and this job requires the use of a conveyor belt, which, surprisingly, at least according to one company's website cited in his brief, accounts for 50 deaths a year in the United States. (Joint Stip. at 7.) In Plaintiff's view, since

1 conveyor belts kill so many people, they must qualify as dangerous
2 machinery.
3     Though the Court does not accept Plaintiff's arguments at face
4 value, the vocational expert should have addressed these issues and
5 adjusted the numbers of hand packager jobs accordingly.  That being
6 said, however, the Court assumes that there are some hand packager
7 jobs that do not require the use of a conveyor belt and more than
8 occasional gripping and torquing.  Even if that were not the case,
9 because the ALJ correctly determined that Plaintiff could work as a
10 hospital cleaner, and because there are enough hospital cleaner jobs
11 to support the ALJ's ultimate conclusion that there were a significant
12 number of jobs in the economy that Plaintiff could perform, any error
13 in failing to adjust the number of hand packager jobs was harmless.
14 *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining,
15 in the Social Security context, an error is harmless if it is
16 "inconsequential to the ultimate non-disability determination").

## IV. CONCLUSION

18     For the reasons set forth above, the Court concludes that the
19 Agency's findings are supported by substantial evidence and are free
20 from material legal error.  As such, the decision is affirmed.
21     IT IS SO ORDERED.
22     DATED: August 11, 2011.

23                                     /s/ Patrick J. Walsh
24                             PATRICK J. WALSH
                            UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\FORSYTHE, P 403\memo.opinion.and order.wpd